FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 APR -4 A 9:22

CLERK D Taylor
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

GLENN ALDEN PAINTER,

    Plaintiff,

v.                                                       CIVIL ACTION NO.: CV612-088

KIM THOMAS; LaSHONDREA
JENNINGS MOORE; and
DEVORIAL MATTHEWS,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Johnson State Prison in Wrightsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement at Georgia State Prison in Reidsville, Georgia. Defendants filed a Motion to Dismiss, to which Plaintiff responded. Defendants filed a Reply. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that he was throwing up every half-hour one night, and the Pepto Bismol nurses gave him did not help. The following day, Plaintiff asserts, he began throwing up blood. Plaintiff contends that he asked Defendant Moore for help because he could not breathe and had thrown up blood. Plaintiff also contends that

AO 72A
(Rev. 8/82)

Defendant Moore told Defendant Mathews, who in turn told Defendant Thomas, about Plaintiff's situation. Instead of ensuring he received help, Plaintiff maintains, Defendant Thomas had Defendants Moore and Mathews strap Plaintiff to a metal bunk for almost nine (9) hours. Plaintiff asserts that he was later sent to the hospital after the nurses on the next shift observed his condition, and he had a procedure performed which showed the lining of his stomach was bloody and looked like ground hamburger meat.

Defendants allege that the Court should dismiss Plaintiff's Complaint as a sanction because Plaintiff was not truthful in answering whether he had filed a cause of action on a previous occasion. Defendants also allege that Plaintiff failed to exhaust his administrative remedies prior to filing this cause of action. Defendants further assert that Plaintiff's claims against them in their official capacities should be dismissed.

## STANDARD OF REVIEW

Defendants contend that Plaintiff failed to file a grievance concerning the allegations contained in his Complaint while he was housed at Georgia State Prison. Defendants note Plaintiff's assertion that once he returned from the hospital, he was placed in "Room 16" and denied a grievance. Defendants state that that room is the infirmary, and inmates in the infirmary can request a grievance. Defendants also state that, even if Plaintiff had been unable to file a grievance while he was housed at Georgia State Prison, he was transferred to Coastal State Prison in September 2011. Defendants aver that Plaintiff did not file a grievance regarding the claims in his Complaint after he was transferred.

Plaintiff counters that he asked for a grievance upon his arrival in Room 16 on August 1, 2011. Plaintiff asserts that Room 16 is an involuntary segregation room, and

he could not file a grievance regarding his placement in involuntary segregation. Plaintiff also asserts that he tried to obtain a grievance form once he arrived at Augusta State Medical Prison but was told that his time to file a grievance had expired. Plaintiff alleges that he was taken back to Georgia State Prison and was kept in the infirmary for a year and was not allowed any writing implement.

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id.

### DISCUSSION AND CITATION TO AUTHORITY

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's

AO 72A
(Rev. 8/82)

deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

In Turner v. Burnside, 541 F.3d 1097 (11th Cir. 2008), the Eleventh Circuit clarified how the lower courts are to examine the issue of exhaustion of administrative remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues[.]" Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376-77.

Standard Operating Procedure ("SOP") IIB05-0001 sets forth the three (3) steps an inmate must complete under the Georgia Department of Corrections' grievance procedure. First, an inmate must file an informal grievance "no later than 10 calendar days from the date" the inmate was aware "of the facts giving rise to the grievance." (Doc. No. 24-3, p. 6). An inmate is to be given a written response to his informal

4

grievance within ten (10) calendar days of the counselor's receipt of the inmate's informal grievance. (Id. at p. 7). If the inmate is dissatisfied with the resolution of his informal grievance, he is to file a formal grievance within five (5) days of his receipt of the written resolution of his informal grievance. (Id. at pp. 7-8). Once an inmate receives the Warden's response to his formal grievance and is dissatisfied with that response, he has five (5) business days to file an appeal with the Commissioner. (Id. at p. 9). The Commissioner's Office has 90 calendar days after receipt of the appeal to respond. (Id. at p. 10). These time limits can be waived for "good cause." (Id. at pp.8, 10).

Plaintiff arrived at Georgia State Prison on July 22, 2011. (Doc. No. 24-2, p. 3). The alleged events of Plaintiff's Complaint occurred in August 2011 while Plaintiff was housed at Georgia State Prison. Plaintiff was housed in Room 16, which is the infirmary at Georgia State Prison, on August 2, 2011, and he had the ability to request a grievance form from an infirmary officer, one of whom is present 24 hours a day. (Id. at p. 5). However, Plaintiff filed no grievance while he was housed at Georgia State Prison until December 3, 2011. (Id. at p. 4). In that grievance (Number 10511), Plaintiff complained about his mail not being mailed on November 22, 2011. (Doc. No. 24-4, p. 3). Plaintiff filed three (3) other grievances while he was housed at Georgia State Prison, and he did not raise deliberate indifference to serious medical needs claims in any of these grievances. (Id. at pp. 6-13).

Plaintiff arrived at Coastal State Prison on September 14, 2011, (Doc. No. 24-5, p. 3), and Plaintiff was housed at Coastal State Prison at the time he filed his Complaint. Plaintiff filed a grievance on April 4, 2012, alleging that his prescription for Coumadin

5

was discontinued in September 2011 while he still was housed at Georgia State Prison and that he could not get that prescription restarted at Coastal State Prison. (Doc. No. 24-7, p. 3). On June 13, 2012, Plaintiff filed another grievance and stated that the doctor at Coastal State Prison discontinued his morning medications. (Id. at p. 7).

Even taking Plaintiff's version of facts as true, which this Court must do, he did not exhaust his administrative remedies concerning his allegations that Defendants were deliberately indifferent to his serious medical needs before he filed this cause of action. Plaintiff asserts that he could not file a grievance about being placed in involuntary segregation because that is not a grievable issue. (Doc. No. 38, p. 4). While this is a true statement, (Doc. No. 24-6, pp. 4-5), Plaintiff's placement in involuntary segregation is not an issue before this Court. Plaintiff's Complaint was served solely on the bases of his contentions that Defendants delayed his treatment for medical needs and that he was strapped to a metal bunk for nine (9) hours. (Doc. No. 11). These contentions are grievable. (Doc. No. 24-6, p. 4). Plaintiff could have filed a grievance concerning the contentions set forth in his Complaint, and he did not. Plaintiff also could have sought permission to have the time limits applicable to the filing of grievances waived, and he did not do so. Simply put, Plaintiff did not exhaust his available administrate remedies prior to filing this cause of action.

It is unnecessary to address the remaining portions of Defendants' Motion.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, without prejudice, based on his failure to exhaust his available administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 4th day of April, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE